# In the United States Court of Federal Claims

No. 26-431
Filed: April 22, 2026

|  |  |
|---|---|
| JAMES DEAN NAGY, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

## OPINION AND ORDER

Although the complaint is not terribly clear, it appears that James Nagy had a dispute with his former employer that led to litigation in a district court and in the Ninth Circuit. *See* ECF No. 1 at 1–2. Based on the complaint, it appears that Plaintiff lost his case in district court. *See Nagy v. Smart and Final Corporation, et al.*, 5:25-cv-01296-JGB-DTB (C.D. Cal. May 26, 2025). Then, the Ninth Circuit denied his motion to proceed in forma pauperis ("IFP") and dismissed his appeal as frivolous. ECF No. 1-2; *see Nagy v. Smart and Final Corporation, et al.*, No. 25-3972 (9th Cir. June 26, 2025). Plaintiff claims that the Ninth Circuit violated his rights by labelling his claim as frivolous. ECF No. 1 at 1–2.

When reviewing Plaintiff's motion to proceed IFP in this court, ECF No. 2, the court struggled to find any basis for its jurisdiction over this case. Because the complaint was not terribly clear, however, the court issued an order to Plaintiff to show cause why the court should not dismiss his case for lack of subject-matter jurisdiction. *See* ECF No. 7. In it, the court explained the limitations on its jurisdiction and the apparent lack of jurisdiction over this case; the court therefore asked Plaintiff to explain his claim further so the court could assess its jurisdiction. *Id*. at 3.

## I.    Standard of Review

This court's jurisdiction generally is limited to claims within the scope of the Tucker Act, 28 U.S.C. § 1491. While the United States is normally immune from suit, the Tucker Act waives that immunity and grants this court with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Tucker Act itself "does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976); rather, "a plaintiff must identify a

"separate source of substantive law that creates the right to money damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted).  A statute or regulation is money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."  *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).  Such "money-mandating provisions are uncommon[.]"  *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 324 (2020) (citing Matthew H. Solomson, Court of Federal Claims: Jurisdiction, Practice, and Procedure 4–18 (2016)).  It is plaintiff's burden to establish this court's jurisdiction by a preponderance of the evidence.  *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018).  When determining whether this court has jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).  The leniency afforded to pro se pleadings does not relieve plaintiff from establishing this court's jurisdiction.  *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  If plaintiff fails to establish jurisdiction, this court must dismiss the complaint.  *See* Rules of the United States Court of Federal Claims ("RCFC") 12(h)(3).

Based on the court's review of the complaint and Plaintiff's response to the court's show cause order, *see* ECF No. 8, the court dismisses this case for lack of subject-matter jurisdiction.

First, in the show cause order, the court explained to Plaintiff that 28 U.S.C. § 1504, *see* ECF No. 1 at 1, does not provide jurisdiction because Congress repealed it in the Federal Courts Improvement Act of 1982, ch. 7, § 133(f), 96 Stat. 25, 41.  ECF No. 7 at 3.  Statutes that Congress repealed no longer provide jurisdiction to courts.  *Foreman v. United States*, 60 F.3d 1559, 1562 (Fed. Cir. 1995).  In his response to the court's order, Plaintiff does not address § 1504.

Second, Plaintiff's complaint is a challenge to the Ninth Circuit's dismissal of his appeal as frivolous.  ECF No. 1 at 1–2, *see also* ECF No. 8 at 5–6.  But as the court explained in the show cause order, "the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."  *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *see also Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017).  Nor can this court hear a challenge to a circuit court's decisions.  And this is precisely what Plaintiff seeks to have this court do.  After recounting the background of the claim he filed in district court, Plaintiff explains his claim in this court:

> Now back to why I am here at the Federal Claims Court.  Why did the District Court Judge not see it my way that this was unethical behavior?  With that being said, how come the 9th Circuit [Court] of Appeals sees this has unethical behavior?  How come the 9th Circuit [Court] of Appeals did not see that the District Court should have seen this as unethical behavior.  The one district judge and the 9th Circuit Panel of three judges should have seen this as unethical behavior and failed to. to [sic] their job as sworn representatives of The United States Government.

ECF No. 8 at 6.  This court lacks jurisdiction to review the district court's and Ninth Circuit's decisions.

Third, the court explained to Plaintiff in the show cause order that it lacked jurisdiction to hear cases under 42 U.S.C. § 1983.  ECF No. 7 at 3.  In his response, Plaintiff asserts that Section 1983 provides jurisdiction for this court to hear his claim.  ECF No. 8 at 5–6.  He is incorrect.  This court lacks jurisdiction to hear a Section 1983 claim because Congress vested the district courts, not this court, with exclusive jurisdiction to hear Section 1983 claims.  *Pulnikova v. United States*, No. 22-1664 C, 2023 WL 4743021, at *4–5 (Fed. Cl. July 25, 2023), *aff'd,* No. 2023-2299, 2024 WL 3738447 (Fed. Cir. Aug. 9, 2024).

Finally, the court explained that neither the Sixth Amendment nor the Due Process Clause of the Fourteenth Amendment provide this court with jurisdiction to hear Plaintiff's claim "because they do not mandate the payment of money."  *Avery v. United States*, No. 21-992, 2021 WL 2389772, at *2 (Fed. Cl. June 10, 2021) (collecting cases).  Plaintiff does not address those arguments in his response, but he does assert that the Ninth Amendment provides this court jurisdiction.  ECF No. 8 at 6.  That argument fails for the same reason—the Ninth Amendment does not compel the payment of money in the event of a breach.  *E.g.*, *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010).

Because this court lacks jurisdiction over all Plaintiff's claims, the court DISMISSES the complaint for lack of subject-matter jurisdiction.  The court also DENIES-AS-MOOT Plaintiff's motion to proceed IFP, ECF No. 2.  The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge

3